# In the United States Court of Federal Claims

No. 23-1661

(Filed: January 25, 2024)

```
* * * * * * * * * * * * * * * * *
                                 *
SAFAL PARTNERS, LLC,             *
                                 *
              Plaintiff,         *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant,         *
                                 *
     and                         *
                                 *
MANHATTAN STRATEGY GROUP         *
                                 *
              Defendant-Intervenor. *
                                 *
* * * * * * * * * * * * * * * * *
```

*Adam K. Lasky*, Seyfarth Shaw LLP, of Seattle, Washington, for Plaintiff.

*Bryan M. Byrd*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

*Stuart W. Turner*, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Defendant-Intervenor.

**ORDER**

This protest emerged from the Department of Education's attempts to contract support services for its National Charter School Resource Center. ECF No. 1 ¶ 10 ("Compl."); ECF No. 13 at 1. The Department awarded the contract to Defendant-Intervenor Manhattan Strategy Group, and shortly thereafter Safal Partners challenged the contract award in this Court. Compl. ¶ 1. After the administrative record was filed, but before cross-motions for judgment thereon were filed, the government moved to stay the case and the agency agreed to take corrective action by, *inter alia*, amending the solicitation and re-evaluating proposals. ECF No. 29 at 1–2. Subsequently, the government moved to dismiss this protest as moot under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 31. Plaintiff did not respond to the government's motion to dismiss, but did move to amend the protective order to allow it to use the information protected by the order in any other "bid protest filed with the

procuring agency or the Government Accountability Office concerning the procurement that is the subject of this litigation, provided that the procuring agency and/or the Government Accountability Office is informed of the Court's protective order . . . ."  ECF No. 32 at 1.

Plaintiff conceded the government's motion to dismiss when it failed to respond.  *Roper v. Jo-Ann Stores, Inc.*, 211 F. App'x 950, 951 (Fed. Cir. 2007) (stating that "a party who fails to oppose a motion may be deemed to consent to the granting of that motion").  Given Plaintiff's concession, and the Court's concurrence that the government's corrective action has rendered the protest moot, the Court **GRANTS** the government's motion to dismiss the case under RCFC 12(b)(1).  Moreover, bid protests such as this end regularly with corrective action, and the Court does not normally amend its protective orders to allow information from those protests to be used in related protests that parties may later file.  Plaintiff has not pointed to any exceptional circumstances that persuade the Court to depart from this general practice.  Therefore, Plaintiff's motion to amend the Court's protective order is **DENIED**.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge